UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| CARL B. RILEY | CIVIL ACTION NO. 08-146-P |
| VERSUS | JUDGE WALTER |
| LT. COL. GEORGE SAVAGE, ET AL. | MAGISTRATE JUDGE HORNSBY |

REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Carl B. Riley ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on January 29, 2008. Plaintiff is currently incarcerated at the Winnfield Correctional Center, but he complains his civil rights were violated by prison officials while incarcerated at the Forcht Wade Correctional Center in Keithville, Louisiana. He names inmate John Masterson as defendant.[1]

Plaintiff claims that while incarcerated at the Forcht Wade Correctional Center on June 25, 2007, inmate John Masterson threatened him. Plaintiff claims that on August 7,

---

[1] Plaintiff also named Lt. Col. George Savage, Major Carter and the Secretary of the Louisiana Department of Corrections as defendants. His claims against these defendants have been addressed in a separate memorandum order.

2007, inmate John Masterson threatened him again. He claims he informed the Warden of the threat. He claims inmate John Masterson was moved to another dorm.

Plaintiff claims that on August 19, 2007, inmate John Masterson entered his dorm and assaulted him with a chair. He claims his jaw was broken in two places. He claims he was transported to LSU Medical Center. He claims he had surgery on August 23, 2007. He claims he still has problems with his jaw.

Accordingly, Plaintiff seeks injunctive and declaratory relief and compensatory damages.

For the following reasons, Plaintiff's claims against inmate John Masterson should be dismissed with prejudice as frivolous.

## LAW AND ANALYSIS

Plaintiff does not allege that defendant John Masterson was acting under the color of state law. Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege or immunity secured by the Constitution and laws of the United States. See 42 U.S.C. § 1983. A plaintiff in a civil rights suit must show that the conduct of which he is complaining was committed by a person acting under color of state law. Plaintiff has not alleged any action that would give rise to defendant John Masterson being a state actor for purposes of Section 1983. As such, Plaintiff's civil rights complaint against defendant John Masterson should be dismissed as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed.  See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).  District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact.  See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, the Court finds that the IFP complaint against defendant John Masterson lacks an arguable basis in law and in fact.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights claims against defendant John Masterson be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)© and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within ten (10) days after being served with a copy thereof.  Counsel are

directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this the 30th day of April, 2008.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE